UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KHARI KHALIL JONES,

Plaintiff,

v. Case No. 26-cv-1398-pp

LUKAS MARWITZ, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Khari Khalil Jones, who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 21, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $26.60. Dkt. No. 5. The court received that fee on September 14, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Captain Lukas Marwitz and Warden Troy Smith, both of whom work at Dodge Correctional Institution. Dkt. No. 1 at 1. The plaintiff alleges that Marwitz did not allow him proper "leisure time outside of [his] cell on numerous occasions[.]" Id. at 2. He says that an institution complaint examiner directed him to contact the defendants because they oversee the chain of command, but they ignored the plaintiff's requests and phone calls from his family members, who were concerned about his lack of leisure time. Id. The defendants allegedly did respond to the plaintiff through the "Inmate Complaint Office" with "multiple affirmed complaints admitting to

depriving [the plaintiff] of his rights but continued to do so by making [him] stay in [his] cell 24 hours a day[.]" Id. at 2-3.

The plaintiff states that the defendants denied him leisure time from May 28 through July 10, 2026, and from July 17 to August 11, 2026, and that it continues to date. Id. at 3. For relief, the plaintiff asks for compensatory damages and injunctive relief due to the deterioration of his mind and body. Id. at 4.

C. Analysis

The Eighth Amendment entitles incarcerated persons to confinement under humane conditions that provide for their "basic human needs." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). This means that incarcerated individuals must receive adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A claim that an individual's conditions of confinement were constitutionally inadequate has two elements. First, he must show that the adverse conditions were "sufficiently serious," to deprive him of a "minimal civilized measure of life's necessities." Id. at 834; Chapman, 452 U.S. at 347. A condition of confinement may be serious enough to rise to a constitutional violation on its own or multiple conditions of confinement may have a "mutually enforcing effect" that results in "the deprivation of a single, identifiable human need" such as food, warmth, or exercise. Budd v. Motley, 711 F.3d 840, 843 (7th Cir. 2013) (citing Wilson v. Seiter, 501 U.S. 294, 304 (1991)). Second, the incarcerated individual must show that prison officials were deliberately indifferent to the adverse

conditions. Farmer, 511 U.S. at 837. An official is deliberately indifferent when he is subjectively aware of the condition or danger complained of but consciously disregards it. Id.

The plaintiff alleges that the defendants denied him out-of-cell recreation from May 28 through July 10, 2026, and from July 17 to August 11, 2026, and that the denial of out-of-cell recreation has continued. He alleges that he has experienced physical and mental pain and suffering based on these conditions. The plaintiff does not allege that he engaged in conduct that led to the denial of out-of-cell recreation.

"[L]ack of exercise can rise to a constitutional violation '[w]here movement is denied and muscles are allowed to atrophy[ ] [and] the health of the individual is threatened.'" Smith v. Dart, 803 F.3d 304, 313 (7th Cir. 2015) (quoting French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985); citing Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) ("Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened."); Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir. 1997)). "[S]egregation is akin to solitary confinement and … such confinement, uninterrupted by opportunities for out-of-cell exercise 'could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual.'" Delaney v. DeTella, 256 F.3d 679, 684 (7th Cir. 2001) (quoting Pearson v. Ramos, 237 F.3d 881, 884 (7th Cir. 2001)).

The plaintiff alleges that he was denied out-of-cell *leisure time*, not exercise. Perhaps the plaintiff was able to exercise in his cell and he is simply challenging the defendants' decision to not let him attend certain "recreation" activities. But for the purpose of screening, the court will allow the plaintiff to proceed on an Eighth Amendment claim against Marwitz and Smith based on allegations that they have denied him out-of-cell recreation and that they continue to do so. See Williams v. Ridley-Turner, 148 F. App'x 545, 546-47 (7th Cir. 2005) (inability to exercise outside of cell for four months could amount to a constitutional deprivation) (citing Delaney, 256 F.3d at 683-84 (six-month denial of exercise because of prison lockdown was serious deprivation); Pearson, 237 F.3d at 884 (observing that denial of out-of-cell exercise for more than ninety days can constitute cruel and unusual punishment); Antonelli, 81 F.3d at 1432 (noting that extreme and prolonged lack of exercise may "rise to a constitutional violation"); Anderson v. Romero, 72 F.3d 518, 527 (7th Cir. 1995) (identifying the denial of all opportunity for out-of-cell exercise as a possible Eighth Amendment violation).

The plaintiff also sues "Dodge Correctional Institution Staff." The complaint does not include any allegations about Dodge staff in general. The court will dismiss that defendant.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Dodge Correctional Institution Staff.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Lukas Marwitz and Troy Smith. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$323.40** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 6th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**