UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KHARI KHALIL JONES,

Plaintiff,

v. Case No. 26-cv-1398-pp

CAPT. LUKAS MARKWITZ, *et al.*,

Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT AND DENYING AS UNNECESSARY PLAINTIFF'S SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 10)**

---

Plaintiff Khari Khalil Jones, who is incarcerated at the Dodge Correctional Institution and is representing himself, filed this case alleging that the defendants denied him out-of-cell recreation from May 28 through July 10, 2026, and from July 17 to August 11, 2026. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Lukas Marwitz and Troy Smith. Dkt. No. 7 at 6. On October 22, 2026, the plaintiff filed an amended complaint. Dkt. No. 9. The defendants have not yet filed an answer to the original complaint. This order screens the amended complaint. See Federal Rule of Civil Procedure 15(a)(1)(B) (party may amend pleading once as a matter of course within twenty-one days after service of responsive pleading).[1]

[1] The plaintiff also filed a second motion for leave to proceed without prepaying the filing fee. Dkt. No. 10. The court granted the plaintiff's original motion to proceed without prepaying the filing fee, dkt. no. 7, so it will deny as unnecessary the second motion.

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In the amended complaint, the plaintiff adds the Wisconsin Department of Corrections as a defendant and clarifies that he was deprived of recreation *and* exercise. Dkt. No. 9 at 1-2. He also alleges that he could not attend the law library, receive visits from family and friends or attend religious services. Id. at 2. The plaintiff states that the defendants subjected him to these conditions from May 28 through July 10, 2026 and from July 17 through October 8, 2026, while he was in disciplinary separation. Id. at 3. He states that he sues Marwitz and Smith in their individual and official capacities. Id. at 2-3. For relief, the plaintiff seeks injunctive relief and monetary damages. Id. at 4.

As the court explained in its order screening the original complaint, the plaintiff may proceed on his Eighth Amendment claim against Marwitz and Smith based on allegations that they denied him out-of-cell recreation and "leisure time" from May 28 through July 10, 2026, and from July 17 through October 8, 2026. Dkt. No. 7 at 6.

The plaintiff also alleges that he could not attend the law library. Incarcerated individuals have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith, 430 U.S. 817, 825 (1977). To state an access-to-the-courts claim, the plaintiff must allege that the alleged interference caused actual

injury by preventing him from pursuing a legitimate challenge to a conviction, sentence or prison conditions. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The plaintiff does not allege that his inability to visit the law library prevented him from pursuing a civil claim. He has not stated a claim for denial of access to the courts.

The plaintiff alleges that he could not receive visits from his friends and family while in disciplinary separation. Generally, incarcerated individuals have no independent constitutional right to visitation or to particular forms of visitation, including contact visitation, and prison officials have considerable discretion in determining the time, place, duration and conditions of visitation. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) ("Respondents do not argue—nor can it seriously be contended, in light of our prior cases—that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause [of the Fourteenth Amendment]."). Incarcerated individuals do retain some right of intimate association while incarcerated, although that "freedom of association is among the rights least compatible with incarceration" and "[s]ome curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131 (2003). "[P]rison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members in disregard of the factors" that balance "the inmate's interests against legitimate penological objectives." Easterling v. Thurmer, 880 F.3d 319, 323 and n.6 (7th Cir. 2018). At this early stage, the plaintiff may proceed on a First Amendment claim against Marwitz and Smith for denying him visitation with friends and family while on disciplinary separation.

The plaintiff alleges that he was not allowed to attend religious services during that time. The First Amendment provides that "Congress shall make no

law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The First Amendment right to freely exercise one's religion extends to incarcerated individuals, Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009), but prison officials may restrict this right if the restriction is reasonably related to a legitimate penological interest, Turner v. Safely, 482 U.S. 78, 89 (1987). Again, at this early stage, the plaintiff may proceed on a First Amendment free exercise claim against Marwitz and Smith for allegedly preventing him from attending religious services while on disciplinary separation.

The plaintiff does not allege that he is currently subject to the conditions described in his amended complaint, so his request for injunctive relief is moot. See Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (injunctive relief moot because plaintiff transferred to different facility and no indication of "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"). The plaintiff does not state a claim against Marwitz and Smith in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (For purposes of obtaining damages rather than injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). The plaintiff may proceed against Marwitz and Smith in their individual capacities based on allegations that from May 28 through July 10, 2026, and from July 17 through October 8, 2026, they deprived him of out-of-cell recreation and exercise in violation of the Eighth Amendment, did not allow visitation with family and friends in violation of the First Amendment and did not allow him to attend religious services in violation of the First Amendment.

In the amended complaint, the plaintiff also sues the Wisconsin Department of Corrections. The plaintiff may not proceed against the Wisconsin Department of Corrections because it is entitled to sovereign immunity and is immune from suit. See Mayhugh v. State, 364 Wis. 2d 208, 224 (2015).

The court **ORDERS** that the amended complaint is the operative complaint. Dkt. No. 9.

The court **DISMISSES** defendant Wisconsin Department of Corrections.

The court **ORDERS** that defendants Martwitz and Smith must file a responsive pleading to the amended complaint.

The court **DENIES AS UNNECESSARY** the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 13th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**